In re GREEN.

(District Court, E. D. New York. April 14, 1914.)

BANKRUPTCY (§ 138*)—PROPERTY PASSING TO TRUSTEE—SALARY EARNED AFTER ADJUDICATION.

Salary earned by a bankrupt after adjudication and pending discharge does not belong to his estate, unless affected by a garnishee levy, and prior assignments of such salary to creditors are ineffective.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 193–204, 206–209; Dec. Dig. § 138.*]

In Bankruptcy. In the matter of Frederick W. Green, bankrupt. On question of release of salary earned by bankrupt since adjudication. Order in favor of bankrupt.

Phelan Beale, of New York City, for bankrupt.

Joseph Scheller, of New York City, for creditors.

CHATFIELD, District Judge. The creditors have all defaulted with the exception of two who contest the right of the court to order release of any salary earned by the bankrupt since adjudication and pending discharge.

This question has previously been decided. In re O'Gillespie (D. C.) 209 Fed. 1003. The adjudication fixed the status of all claims to subsequently earned salary (except when affected by a garnishee levy pending discharge). Powers of attorney such as were used in this case are invalid for such a purpose, and, after an adjudication in bankruptcy, this court must exercise jurisdiction. As to the claim that the salary should be apportioned, it appears that the petition was filed on March 14th and that salary for those 14 days less the department charges and the garnishee levy is now payable. The order should provide that the net amount for those 14 days be paid to the trustee or the clerk of the court by the bankrupt.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes